

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# Wilson v. Sepulveda

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wilson v. Sepulveda" (2005). *2005 Decisions.* Paper 810.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/810

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2618

ANTHONY WILSON, II, a minor by and through
his mother Christina Wilhelm as parent and natural guardian,
Appellant
v.

GERALDINA SEPULVEDA, principal, in her official capacity,
and individually; REUBEN FLORES, superintendent,
in his official capacity and individually; THE READING SCHOOL DISTRICT; THE
READING SCHOOL DISTRICT OF EDUCATION

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-00536 )
District Judge:   Honorable Herbert J. Hutton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2005
Before:   SLOVITER, McKEE and WEIS, Circuit Judges.

Filed July 20, 2005
_____

OPINION

_____

WEIS, Circuit Judge.

        The District Court granted the defendant's motion for summary judgment

1

on April 27, 2004.  On May 27, 2004, the plaintiff filed a timely notice of appeal in the District Court.  Through error, the notice was addressed to the Superior Court of Pennsylvania rather than to this Court.  Nevertheless, we docketed the appeal on June 1, 2004 and assigned it No. 04-2526.

Apparently in an attempt to correct the erroneous designation of the appellate court, plaintiff filed an "Amended" Notice of Appeal in the District Court on June 7, 2004.  This Court docketed the "Amended" notice on June 10, 2004 assigning it No. 04-2618.  This appeal was beyond the 30-day limitation and accordingly, was untimely.  However, we note that the briefing submitted by the parties bears docket No. 04-2618.  Because appeal No. 04-2618 was untimely, we must dismiss it for lack of jurisdiction.

If the "Amended" notice of appeal is considered as surplusage and hence not controlling as to the original appeal, we must then consider the effect of No. 04-2526, the timely filed case.

The docket at No. 04-2526 shows that on June 10, 2004, the clerk sent a letter to plaintiff's counsel requesting a number of documents including a statement of facts and issues, appearance form, disclosure statement, information statement, as well as a transcript purchase order.  The clerk sent a follow-up letter on July 14, 2004 requesting those same documents and advising that the appeal could be dismissed for failure to prosecute.  On August 5, 2004, the clerk ordered that the appeal be dismissed.

2

On August 17, 2004, plaintiff moved to reopen and filed the documents requested in the letters from the clerk. These papers were numbered 04-2526. Plaintiff failed to call the Court's attention to the fact that the same litigation was docketed under two case numbers. On September 22, 2004, a panel of this Court denied the plaintiff's motion to reopen at docket No. 04-2526.

On this record, therefore, it would appear that both appeals were properly dismissed but for two separate reasons – untimeliness and failure to prosecute. However, there is another factor to consider. On July 6, 2004, plaintiff did file a statement of facts and other documents in response to the clerk's request, but under the docket No. 04-2618 (the amended untimely appeal). This response would have been timely, but because of plaintiff's error, was filed under the wrong docket number. The matter could easily have been resolved had the plaintiff's counsel consolidated the appeals or requested the clerk's office to file the documents under both docket numbers.

The plaintiff's failure to follow applicable procedures has resulted in an unnecessarily confusing record that raises questions about our jurisdiction in this case. However, we choose to err on the side of the plaintiff's appellate rights and have decided that we have authority to consider the appeal. Therefore, assuming *arguendo* that we have jurisdiction, we have carefully read the record and reviewed the case on the merits. We find no error in the District Court's decision to grant summary judgment.

Accordingly, the judgment of the District Court will be affirmed.

3